UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DIRECT BIOLOGICS, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No. 1:22-CV-381-SH |
| | § | |
| **ADAM MCQUEEN,** | § | |
| **VIVEX BIOLOGICS, INC. and** | § | |
| **VIVEX BIOLOGICS GROUP, INC.,** | § | |
| *Defendants* | § | |

## ORDER

On May 4, 2022, the Court granted Plaintiff Direct Biologics, LLC's Motion for Expedited Discovery to prepare for the preliminary injunction hearing set for May 16, 2022. Dkt. 26. After a discovery dispute arose between the parties, Defendant Adam McQueen filed the instant Emergency Motion to Compel Plaintiff's Responses to Expedited Discovery (Dkt. 29).

McQueen moves the Court to compel Plaintiff to produce documents and things responsive to McQueen's Requests for Production Nos. 4, 11-13, and 18-20. Plaintiff opposes the Motion. The Court heard oral argument at a hearing conducted on this date.

"A trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982). Although the Federal Rules do not provide a standard for determining whether expedited discovery should be ordered, district courts in this circuit employ a "good cause" standard to determine when to exercise their authority to order expedited discovery. *Acosta v. Willamson Cnty., Texas*, 1:21-CV-615-LY, 2021 WL 4340514, at *2 (W.D. Tex. Sept. 23, 2021). To determine "good cause," courts consider: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests;

and (5) how far in advance of the typical discovery process the request was made." *Stockade Cos. v. Kelly Rest. Grp., LLC*, No. 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017) (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)). The party seeking expedited discovery has the burden of showing good cause, and the subject matter of the discovery must be narrowly tailored. *Id.*

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). The party resisting discovery must show how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003).

Applying these standards, as stated on the record at the hearing, the Court finds that McQueen's Requests for Production Nos. 4, 18, 19, and 20 are overbroad and seek information not reasonably relevant to the issues that will be addressed at the preliminary injunction hearing. The Court further finds that McQueen's Requests for Production Nos. 11, 12, and 13 seek information that may be relevant at this stage of the proceeding.

Accordingly, the Court **GRANTS** McQueen's Emergency Motion to Compel Plaintiff's Responses to Expedited Discovery (Dkt. 29) as to his Requests for Production Nos. 11, 12 and 13 and **DENIES** the Motion to Compel as to Requests for Production Nos. 4, 18, 19, and 20.

**SIGNED** on May 12, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE