**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DIRECT BIOLOGICS, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No.  1:22-CV-381-SH** |
| **ADAM MCQUEEN,** | § | |
| **VIVEX BIOLOGICS, INC. AND** | § | |
| **VIVEX BIOLOGICS GROUP, INC.** | § | |
| *Defendants* | § | |

## ORDER

Before the Court are Plaintiff Direct Biologics, LLC's Opposed Application for Temporary Restraining Order (TRO) and Preliminary Injunction, filed April 25, 2022 (Dkt. 6); Defendant Adam McQueen's Motion to Dismiss or, Alternatively, to Transfer Venue, filed April 28, 2022 (Dkt. 12); and Defendant Adam McQueen's Motion to Stay Litigation and Refer Plaintiff's Application for Preliminary Injunction to Arbitration (Dkt. 33), Motion to Strike Brief in Support of Application for Preliminary Injunction (Dkt. 34), and Motions in Limine (Dkt. 40), all filed May 16, 2022.

On May 4, 2022, the Court granted Plaintiff's Application for TRO in part and scheduled an evidentiary hearing on the Application for Preliminary Injunction. Dkt. 26. By its terms, the TRO expired at 5 p.m. on this day. *Id.* at 26. At the hearing held this day, Plaintiff asked the Court to extend the TRO for a period of 14 days pursuant to Federal Rule of Civil Procedure 65(b)(2).

Under Rule 65(b)(2), a TRO "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." There is little case law addressing what constitutes "good cause" under Rule 65(b)(2). 11A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL

PRACTICE AND PROCEDURE § 2953 (3d ed. 2022 Update). However, courts have found good cause where the court needed time to fully consider the various arguments and motions of the parties, and where a showing that the grounds for originally granting the TRO continue to exist. *Id.*; *Sec. & Exch. Comm'n v. AriseBank*, No. 3:18-CV-186-M, 2018 WL 10419828, at *1 (N.D. Tex. Mar. 9, 2018).

As stated on the record, the Court finds good cause for the extension. The evidentiary hearing continued past 5 p.m. on this day. Moreover, the Court needs time to consider the evidence presented and arguments of the parties on Plaintiff's Application for Preliminary Injunction, as well as the other motions pending before the Court.

Accordingly, the Court **EXTENDS** the TRO entered on May 4, 2022 (Dkt. 26) for 14 days or until the Court rules on the Application for Preliminary Injunction, whichever occurs first.

The Court **FURTHER ORDERS** that Defendant may file a Response to Plaintiff's Brief in Support of Application for Preliminary Injunction (Dkt. 34) by **May 18, 2022**, and Plaintiff may file a Reply Brief by **May 20, 2022**. No further extensions will be permitted.

**SIGNED** on May 16, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE